Nash, J.
 

 The controversy arises under the Act of the General Assembly, passed in the year 1848-7, for establishing the County of Polk. By the Act of 1836,
 
 Rev. St. Ch.
 
 31,
 
 Sec.
 
 39, it is provided among other things, “that all actions on the case, shall be brought to the Court of the County, where both parties reside ; and where the parties live in different Counties, shall be brought to the Court of either County, at the option of the plantiff, and when any suit or action shall be brought, otherwise than is herein directed, such action or suit, may be abated on the plea of the defendant.” The demurrer admits that both the parties, at the time the writ was issued, lived in the County of Polk, and the judgment of the Court was clearly right, unless the Act of 1846 has otherwise directed. In other words, the Superior Court of Rutherford has no jurisdiction of the case, unless that Act gives it. It is not pretended that any other does. Let us examine this Act then and see what is the jurisdiction conferred by it on the, Superior Court of Rutherford, as to the question before tis. By the 26th ch. 1846, the County of Polk is established and its boundaries prescribed, and by the
 
 *475
 
 supplemental Act, cb. 29, its rights, privileges and immunities are secured to it. By the first section, it is invested with all the rights, privileges, and immunities of other Counties in the State. By the 4th sec. a Court of Pleas and Quarter Sessions is established, the times and place of holding its Terms designated, and by the fifth its jurisdiction is pointed out. It declares, that the County Courts “shall possess and exercise the same power, authority and jurisdiction, as is possessed and exercised by the County Courts in this State, and shall have exclusive jurisdiction of all crimes committed within the limits of said Couuty, until a Superior Court shall be established for said County and all suits at law now pending in the County Courts of Henderson and Rutherford, wherein the citizens of Polk County are both plaintiffs and defendants ; and all indictments in the County Courts of Rutherford and Henderson, against citizens of Polk County shall be transferred to the County Court of Polk, and all appeals from the County Court of Polk shall be sent to the Superior Court of Rutherford, where the plaintiff resides in that portion of Polk County, taken from Rutherford, and to the Superior Court of Henderson where the plaintiff-resides in that portion of the County taken from Henderson.” So far then, as the police of the County, and the inforcement and protection of the civil rights of the citizen, and the punishment of crimes of an inferior character and most frequent occurrence, are concerned, the organization of the County was complete. By the act of’36
 
 Ch. 31,
 
 Sec. 5 and 40, the Courts of Pleas and Quarter Sessions “have full power and authority to determine all causes, of a civil nature whatever at the common law, within the County, where the original jurisdiction is not by any act of the General Assembly confined to a single magistrate or to the Supreme or Superior Courts.” The original jurisdiction of the County and Superior Courts, in civil matters, is concurrent without any regard to the amount claimed, where it is not confined to a single magistrate, and an
 
 *476
 
 action can be brought in the County Court to recover any amount of money, for which it can be brought in the Superior Court. This jurisdiction is conferred, by the above section of the Act of ’46, on the County of Polk, with tho right of appeal, as pointed out in it.
 

 The action, in this case, could have been brought in the County Court, and although no Superior Court was then organized, the suitors in it were not deprived of the right of having their cases revised. Provision is expressly made, securing the right of appeal, and at no greater costs as to the circumstances, than existed before the erection of Polk County. It is evident, it was not the intention of the Legislature to give to the Superior Court of Rutherford any, but an appellant, jurisdiction in cases of a civil character, arising in Polk County, where the plaintiff resided in the latter. In other words, they did not intend to alter the general law governing the bringing of actions, as regulated by the Act of’36. The 6th sec. of the Act of ’46 is however conclusive upon the question. No Superior Court had been organized for the County of Polk, and provision was to be made for the punishment of those higher offences, the jurisdiction over which, by the general law of’36, is confined to those tribunals. The 6th sec. accordingly provides, “that all criminal offences, which may be committed in the County of Polk, which are cognizable only in the Superior Court of Law, shall be and continue, under the jurisdiction of the Superior Courts of Law of Rutherford, where the offender resides in that portion of Polk County, which was taken off from Rutherford County, until a Superior Court shall be established for the County of Polk.” It is thus seen that the Legislature, in this matter, did not act unadvisedly, or without a due attention to the convenience and interest of the citizens of Polk County. In every case, where the law would be enforced within the County, provision is made for its due execution, at the same time securing to suitors, the same right of having their cases
 
 *477
 
 examined before a Superior Court, as was enjoyed by those of all other Counties. And in those cases, when by the general law, they could not be so examined into, provision is made for a resort in the first instance to a tribunal without the County, and in giving
 
 this
 
 original jurisdiction to the Superior Court of Rutherford, they restrict it to criminal offences and to those, which, alone? are cognizable in the Superior Courts, and, thereby, denying it, impliedly, in civil cases.
 

 Per Curiam. Judgment affirmed.